UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


PAUL A. LEE,                    )    CASE NO. 4:09 CV 0112
                                )
       Petitioner,              )    JUDGE PATRICIA A. GAUGHAN
                                )
   v.                           )
                                )    MEMORANDUM OF OPINION
                                )    AND ORDER
J.T. SHARTLE, WARDEN,           )
                                )
       Respondent.              )


On January 15, 2009, pro se petitioner Paul A. Lee filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Lee, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against Warden J.T. Shartle at F.C.I. Elkton. He asks the court to order the United States Attorney's Office to produce all documents used to request authorization from "the district court before being weired [sic]."

BACKGROUND

In 1994, Mr. Lee was charged in the United States District Court for the Northern District of West Virginia with, *inter alia*, conspiring to possess with intent to distribute crack cocaine. *See United States v. Lee*, No. 94cr50096 (N.D. WV 1994). He pleaded guilty to two counts of the indictment. The court sentenced him to 200 months in prison on January 30, 1995, followed by 8 years of supervised release. Petitioner was also sentenced to 14 consecutive months of

imprisonment for violating a term of supervised release imposed in 1991.

Mr. Lee appealed his sentence to the Fourth Circuit Court of Appeals, which affirmed his conviction. He also filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The District Court for the Northern District of West Virginia denied the motion on June 27, 2008.

The attachments to the petition reveal a letter dated July 27, 2007 from the United States Department of Justice (DOJ), Criminal Division acknowledging petitioner's request "for Criminal Division records." The request was referred to the Freedom of Information/Privacy Act (FOIA) Unit of the DOJ. Less than two weeks later, the FOIA Unit sent another letter, dated August 7, 2007, to Mr. Lee explaining that no Criminal Division records pertaining to him were found during a search of the indexes for the systems petitioner designated. He was further advised to appeal to the Office of Information and Privacy if he considered the response a denial of his request.

Mr. Lee then submitted a request for documents to the Executive Office for United States Attorneys (EOUSA), FOIA Unit in Washington, D.C. The Unit acknowledged receipt of his request on October 3, 2007. Petitioner revised his request on October 10, 2007 to choose the option of limiting research to no more than 2 hours for free in lieu of paying $28 per hour thereafter.

On September 24, 2008, EOUSA's FOIA Unit Assistant Director William G. Stewart II responded to Mr. Lee by marking an "x" next to the following two phrases:

> A search for records located <u>Northern District of West Virginia</u> has revealed no records.
>
> This is the final action my office will take on this particular request.

(Letter from Stewart to Lee of 9/24/08). Mr. Stewart advised petitioner of his right to appeal to the Office of Information and Privacy in Washington, D.C. He added that after the appeal is decided,

petitioner was entitled to seek judicial review. There is no evidence Mr. Lee filed a FOIA appeal to the Office of Information and Privacy within the 60 days allowed, or exhausted his administrative remedies. *See* 28 C.F.R. § 16.9 (appeal must be received by the Office of Information and Privacy within 60 days of the date of letter denying request).

## ANALYSIS

In his brief petition before this court, Mr. Lee asserts his guilty plea was taken in violation of his right to due process. He claims the Drug Task Unit and the United States Attorney knew there was no authorization from the District Court to wiretap an informant pursuant to 18 U.S.C. §§ 2510-18. The 'Drug Unit's' actions were allegedly in violation of Title III, 18 U.S.C. §§ 2510-18. Finally, Mr. Lee seeks an order directing the United States Attorney to "produce all documents [which] authorized the Drug Unit to use an [sic] wire tap on their undercover informant." (Pet. at 6.)

### TITLE III OF THE OMNIBUS CRIME CONTROL AND SAFE STREETS ACT OF 1968
### 18 U.S.C. §§ 2510-2520

Under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520, the use of electronic surveillance is authorized in the investigation of certain serious offenses. *See* 18 U.S.C. § 2516; *see generally United States v. Giordano*, 416 U.S. 505, 514 (1974)(purpose was to prohibit all interceptions of oral and wire communications, except those specifically provided for in the Act). The use and disclosure of materials obtained pursuant to Title III is governed by 18 U.S.C. § 2517. The disclosure or use of Title III materials other than as provided by section 2517 is unlawful. *See* 18 U.S.C. § 2511(1)(c),(d). Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States, a State, or a political subdivision thereof, may move to suppress

the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom, on the grounds that--

> (i) the communication was unlawfully intercepted;
>
> (ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or
>
> (iii) the interception was not made in conformity with the order of authorization or approval.
>
> Such motion *shall be made before the trial, hearing, or proceeding* unless there was no opportunity to make such motion or the person was not aware of the grounds of the motion.

18 U.S.C. § 2518(emphasis added). The statute clearly provided a remedy to address Mr. Lee's presumed claim that "the order of authorization or approval under which it was intercepted is insufficient on its face." *Id*. Moreover, to the extent petitioner failed to move to suppress any evidence derived from this allegedly defective authorization, he has also failed to allege (1) there was no opportunity to make such motion or (2) that he was unaware of the grounds of the motion. *Id*. Therefore, Mr. Lee has not raised any claim that he is entitled to post judgment relief pursuant to Title III of the Omnibus Crime Control Act.

### THE FREEDOM OF INFORMATION ACT

Considering the course of events which led to the filing of this petition, the court construes petitioner's request to order the United States Attorney to produce documents used to support an application for a wiretap as a FOIA request. FOIA is a statutory grant of access to governmental records. The extent of the grant depends upon the terms of the Act.

In any FOIA case, however, "[e]xhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its

-4-

discretion and expertise on the matter and to make a factual record to support its decision. .... The exhaustion requirement also allows the top managers of an agency to correct mistakes made at lower levels and thereby obviates unnecessary judicial review." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C.Cir.1990) (citing *McKart v. United States*, 395 U.S. 185, 194 (1969)); *see also Dettmann v. U.S. Dep't of Justice*, 802 F.2d 1472, 1476 (D.C.Cir.1986) ("It goes without saying that exhaustion of remedies is required in FOIA cases") (citing *Stebbins v. Nationwide Mut. Ins. Co.*, 757 F.2d 364, 366 (D.C.Cir.1985)). Ordinarily, then, exhaustion of administrative remedies is a "condition precedent" to filing suit, and failure to exhaust operates as a "jurisprudential doctrine" to bar premature judicial review when, as is the case with FOIA, the purposes of exhaustion and the particular administrative scheme support such a bar. *Hidalgo v. F.B.I.*, 344 F.3d 1256, 1258, 1260 (D.C.Cir.2003) (remanding for dismissal for failure to state a claim upon which relief may be granted). In short, exhaustion of administrative remedies in a FOIA case is treated as an element of a FOIA claim, which, as with all elements of any claim, must be proved by the plaintiff in order to prevail.[1]

By all accounts, Mr. Lee failed to exhaust his administrative remedies. *See* 28 C.F.R. § 16.9.[2] Here, it is uncontested that Mr. Lee filed this lawsuit after the agency had responded to his

---

[1]While an exception to the general rule requiring actual exhaustion exists, it is not relevant to the facts in this case. *See* 5 U.S.C. § 552(a)(6)(A)(i) & (ii)(where agency does not respond to a request within the time allowed by statute, requestor deemed to have constructively exhausted his administrative remedies).

[2]The regulation provides:

> If you are dissatisfied with a component's response to your request, you may appeal an adverse determination denying your request, in any respect, to the Office of Information and Privacy, U.S.

(continued...)

FOIA request, but before he exhausted his administrative remedies. Thus, he has failed to establish a condition precedent to an element of his FOIA claim.

## 28 U.S.C. §2241

Mr. Lee claims his guilty plea is flawed. Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). Petitioner neither challenges the advice he was given when he entered his guilty plea nor does he allege it was involuntary. Without fulfilling either threshold requirement, petitioner cannot successfully challenge the guilty plea he entered. Further, he is clearly arguing the "constitutional infirmity" of his guilty plea, a province within which he is not entitled to seek relief from this court. Even if petitioner argued "that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention," *United States v. Hayman*, 342 U.S. 205, 223 (1952), the claim is unavailing because "[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective." *Williams v. United States*,

---

[2](...continued)
>Department of Justice, Flag Building, Suite 570, Washington, DC 20530-0001. You must make your appeal in writing and it must be received by the Office of Information and Privacy within 60 days of the date of the letter denying your request. Your appeal letter may include as much or as little related information as you wish, as long as it clearly identifies the component determination (including the assigned request number, if known) that you are appealing. For the quickest possible handling, you should mark your appeal letter and the envelope 'Freedom of Information Act Appeal.'

29 C.F.R. §16.9 (a).

323 F.2d 672, 673 (10th Cir.1963), *cert. denied* 377 U.S. 980 (1964). Moreover, the remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

## CONCLUSION

Based on the foregoing, Mr. Lee's § 2241 petition is denied pursuant to 28 U.S.C. §2243, but without prejudice to any §2255 motion petitioner may file in the sentencing court.[3] The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan
       PATRICIA A. GAUGHAN
       UNITED STATES DISTRICT JUDGE

Dated: 3/16/09

---

[3] In *In re Shelton,* 295 F.3d 620, 622 (6th Cir.2002) (citing *Adams v. United States*, 155 F.3d 582, 584 (2nd Cir.1998)), the Sixth Circuit held that, with regard to *pro se* litigants in particular,

> '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.